IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID S. DAWOOD,

      Plaintiff,

v.

CHASE BANK USA, NA AND US BANK
NATIONAL ASSOCIATION AS TRUSTEE
FOR JP MORGAN MORTGAGE
ACQUISITION TRUST 2006-CH2, ASSET
BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-CH2,

      Defendants.

Case No.:  10-cv-10236
Hon.:  Robert H. Cleland
Magistrate Judge:  Mark A. Randon


Transferred from:
Oakland County Circuit Court
Case No. 2009-106600-CH
Hon. Mark A. Goldsmith

---

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants CHASE BANK USA, N.A. and U.S. BANK NATIONAL ASSOCIATION (collectively "Defendants"), by and through their attorneys, Maddin, Hauser, Wartell, Roth & Heller, P.C., state for their Answer to Plaintiff's Complaint as follows:


## INTRODUCTION

1.     Plaintiff is an individual residing in Wixom, Michigan.

**ANSWER:**    **Defendants lacks sufficient information to admit or deny the allegations and therefore leaves plaintiff to his proofs.**

2.     Defendant US Bank National Association as Trustee for JP Morgan Mortgage Acquisition Trust 2006-CH2, Asset Backed Pass-Through Certificates, Series 2006-CH2 ("US Bank"), is a banking corporation doing business in this State.

**ANSWER:** **Defendant U.S. Bank admits only that it is a foreign corporation. Defendants lack sufficient information to admit or deny the remaining allegations and therefore leave plaintiff to his proofs.**

3.      Defendant Chase Bank USA, NA ("Chase") is a banking corporation doing business in this State.

**ANSWER:** **Defendant Chase admits only that it is a foreign corporation. Defendants lack sufficient information to admit or deny the remaining allegations and therefore leave plaintiff to his proofs.**

4.      This complaint involves title to real property (the "Property") commonly known as 731 Nissen Court, Wixom, Michigan 48393.

**ANSWER:** **Defendants admit only that the complaint contains allegations related to the Property. Defendants deny liability as alleged in plaintiff's complaint. Defendants lack sufficient information to admit or deny the remaining allegations and therefore leave plaintiff to his proofs.**

5.      Jurisdiction in this Court is proper pursuant to MCL 600.2932 and MCL 600.605.

**ANSWER:** **Defendants admit only that jurisdiction is proper in the United States District Court for the Eastern District of Michigan, to which this action has been removed.**

6.      Venue is proper in this Court pursuant to MCL 600.1605 and MCL 600.1621.

**ANSWER:** **Defendants admit only that venue is proper in the United States District Court for the Eastern District of Michigan, to which this action has been removed.**

## COMMON ALLEGATIONS

7.      Plaintiff purchased the Property in November 2004.

**ANSWER:** **Defendants lack sufficient information to admit or deny the specific allegations as stated and therefore leave plaintiff to his proofs. Defendants**

**are continuing their investigation into this matter and will amend these pleadings as necessary.**

8.    Defendant Chase instituted foreclosure proceedings on a mortgage and note for said Property.

**ANSWER:    Defendants lack sufficient information to admit or deny the specific allegations as stated and therefore leave plaintiff to his proofs. Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**

9.    Plaintiff purchased the property and entered into the mortgages and mortgage notes based upon representations of Defendant Chase.

**ANSWER:    Defendants deny the allegations in the form and manner stated, because they are not true.**

10.    Defendant US Bank purchased the Property at a sheriff's sale May 26, 2009.

**ANSWER:    Defendants lack sufficient information to admit or deny the specific allegations as stated and therefore leave plaintiff to his proofs. Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**

<u>COUNT I</u>
<u>FRAUDULENT MISREPRESENTATIONS (Defendant Chase)</u>

11.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 10 as if fully restated herein.

**ANSWER:    Defendants incorporate their responses to the previous paragraphs as though fully restated herein.**

12.    Defendant Chase made the following representations to Plaintiff:

A.    The interest rate offered was the best Plaintiff could get for his mortgage.

B.     The closing costs offered were the lowest closing costs offered by any mortgage company.

C.     The Property was worth a lot more than the amount of the loan that Plaintiff was seeking and he could always sell the home, pay off the mortgage and have money left over.

D.     The appraisal for the Property, paid for by Plaintiff but not furnished to Plaintiff, being used was a true reflection of the value of the Property.

E.     That the insurance rate Chase was securing for Plaintiff in the escrow agreement had the lowest rates available at the time.

F.     That Defendant would modify the loan prior to end of redemption.

**ANSWER:     Defendants deny the allegations because they are not true.**

13.     Defendant's representations about the Property and loan terms were false when they were made.

**ANSWER:     Defendants deny the allegations because they are not true.**

14.     Defendant knew that its representations were false when they were made or it made them recklessly, without knowing whether they were true.

**ANSWER:     Defendants deny the allegations because they are not true.**

15.     Defendant intended that Plaintiff rely on the representations.

**ANSWER:     Defendants deny the allegations because they are not true.**

16.     Plaintiff relied on Defendant Chase's false representations.

**ANSWER:     Defendants deny the allegations because they are not true.**

17.     As a result of Defendant Chase's fraudulent representations, Plaintiff has suffered substantial economic loss.

**ANSWER:    Defendants deny the allegations because they are not true.**

**WHEREFORE,** Defendants request that this court enter a judgment in their favor and against Plaintiff denying Plaintiff the relief sought in his complaint, dismissing Plaintiff's complaint in its entirety and with prejudice, and awarding Defendants their costs and attorneys fees incurred in responding to this action.  Defendants further request all other relief that this court deems just and proper.


## COUNT II
## VIOLATION OF MICHIGAN MORTGAGE PROTECTION ACT

18.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as if fully restated herein.

**ANSWER:    Defendants incorporate their responses to the previous paragraphs as though fully restated herein.**

19.     This claim is brought under the Consumer Mortgage Protection Act (MCL 445.1634), which act prohibits any person from directly or indirectly making any false deceptive or misleading statement or representation in connection with a mortgage loan or the value of the dwelling that will secure repayment of the mortgage loan.

**ANSWER:    To the extent that this allegation merely states a legal conclusion, no answer is required.  Defendants deny any violation of the Michigan Mortgage Protection Act.  Defendants lack sufficient information to admit or deny the remaining allegations and therefore leave plaintiff to his proofs.**

20.     Defendants Chase and US Bank had an unethical agreement to make sure the Plaintiff would rely on their representations as above indicated to his detriment.

**ANSWER:**    **Defendants deny the allegations because they are not true.**

21.    No attempts were made by Defendants to give required notices and disclosures under the Federal Real Estate Settlement Procedures Act and/or the Truth in Lending Act USC 1601, et seq.).

**ANSWER:**    **Defendants deny the allegations because they are not true.**

22.    Indeed the loan documents submitted and application for loan were blank when submitted to Plaintiff for signature.

**ANSWER:**    **Defendants lack sufficient information to admit or deny the allegation and therefore leave plaintiff to his proofs.  Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**

23.    This conduct was the proximate cause of damages, injuries and losses suffered by plaintiff as set forth above.

**ANSWER:**    **Defendants deny the allegations because they are not true.**

**WHEREFORE,** Defendants request that this court enter a judgment in their favor and against Plaintiff denying Plaintiff the relief sought in his complaint, dismissing Plaintiff's complaint in its entirety and with prejudice, and awarding Defendants their costs and attorneys fees incurred in responding to this action.  Defendants further request all other relief that this court deems just and proper.

## <u>COUNT III</u>
## <u>BREACH OF CONTRACT</u>

24.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 23 as if fully restated herein.

**ANSWER:    Defendants incorporate their responses to the previous paragraphs as though fully restated herein.**

25.    As set forth above Plaintiff and Defendants entered into an agreement whereby Defendants would provide a mortgage to Plaintiff.

**ANSWER:    Defendants lack sufficient information to admit or deny the allegation and therefore leave plaintiff to his proofs.   Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**

26.    Said Defendants breached said agreement by failing to disclose material facts, by making false and misleading statements and by having Plaintiff rely on a grossly inflated appraisal and other misrepresentations as set forth above.

**ANSWER:    Defendants deny the allegations because they are not true.**

27.    The breach of contract was a proximate cause of the injuries, damages and losses of Plaintiff as set forth above.

**ANSWER:    Defendants deny the allegations because they are not true.**

**WHEREFORE,** Defendants request that this court enter a judgment in their favor and against Plaintiff denying Plaintiff the relief sought in his complaint, dismissing Plaintiff's complaint in its entirety and with prejudice, and awarding Defendants their costs and attorneys

fees incurred in responding to this action.  Defendants further request all other relief that this court deems just and proper.

## COUNT IV
## VIOLATION OF MCL 600.3204, et seq.

28.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 27 as if fully restated herein.

**ANSWER:     Defendants incorporate their responses to the previous paragraphs as though fully restated herein.**

29.     Plaintiff and Defendants were in the process of discussion of modification of the subject loans when Defendants threatened to institute foreclosure proceedings.

**ANSWER:     Defendants deny the allegations in the form and manner stated, because they are not true.**

30.     That in addition to the illegal conduct above outlined, Defendants representing they would negotiate a modification of loan resulting in Plaintiff's inaction violated the law governing foreclosure notices.

**ANSWER:     Defendants deny the allegations in the form and manner stated, because they are not true.**

**WHEREFORE,** Defendants request that this court enter a judgment in their favor and against Plaintiff denying Plaintiff the relief sought in his complaint, dismissing Plaintiff's complaint in its entirety and with prejudice, and awarding Defendants their costs and attorneys fees incurred in responding to this action.  Defendants further request all other relief that this court deems just and proper.

<u>**COUNT V**</u>
<u>**MALPRACTICE**</u>

31.     Plaintiff incorporates by reference the allegations in paragraphs I through 30 as if

fully restated herein.

**ANSWER:     Defendants incorporate their responses to the previous paragraphs as though fully restated herein.**


32.     Defendant Chase required Plaintiff to purchase an appraisal in financing the

Property and failed to furnish a copy thereof to Plaintiff.

**ANSWER:     Defendants deny the allegations in the form and manner stated, because they are not true.**


33.     The appraiser failed to properly account for:

    A.     Rapidly falling prices and demand for housing due to economic crisis.

    B.     Failed to take into account and mischaracterized surrounding conditions of property.

    C.     Greatly inflated the value of the property.

**ANSWER:     Defendants lack sufficient information to admit or deny the allegation and therefore leave plaintiff to his proofs.   Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**


34.     The appraiser violated community standards for appraisers by reason of the

above.


**ANSWER:     Defendants lack sufficient information to admit or deny the allegation and therefore leave plaintiff to his proofs.   Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**


35.     Plaintiff relied on Defendants appraisal of value.

**ANSWER:**     **Defendants lack sufficient information to admit or deny the allegation and therefore leave plaintiff to his proofs. Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**

36.    As a proximate result of Defendant's fraudulent appraisal, Plaintiff has suffered substantial economic loss.

**ANSWER:**     **Defendants deny the allegations in the form and manner stated, because they are not true.**

**WHEREFORE,** Defendants request that this court enter a judgment in their favor and against Plaintiff denying Plaintiff the relief sought in his complaint, dismissing Plaintiff's complaint in its entirety and with prejudice, and awarding Defendants their costs and attorneys fees incurred in responding to this action. Defendants further request all other relief that this court deems just and proper.

## COUNT VI
## QUIET TITLE

37.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 36 as if fully restated herein.

**ANSWER:**     **Defendants incorporate their responses to the previous paragraphs as though fully restated herein.**

38.    Plaintiff and Defendants entered into the mortgage notes and agreements based upon the misrepresentations above described.

**ANSWER:**     **Defendants deny the allegations, because they are not true.**

39.     By reason of the foregoing the mortgages and notes are void because they were obtained by means of misrepresented facts.

**ANSWER:     Defendants deny the allegations, because they are not true.**

40.     Defendants instituted foreclosure proceedings and cause a Sheriff's sale to be held.

**ANSWER:     Defendants lack sufficient information to admit or deny the allegation and therefore leave plaintiff to his proofs.  Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**

41.     Plaintiff, not Defendants is the sole, lawful titleholder of the Property.

**ANSWER:     Defendants deny the allegations in the form and manner stated, because they are not true.**

42.     MCL § 600.2932 authorizes the Court to quiet title in the Property to Plaintiff, extinguishing any claims in the Property made by Defendants.

**ANSWER:     Defendants deny the allegations in the form and manner stated, because they are not true.**

**WHEREFORE,** Defendants request that this court enter a judgment in their favor and against Plaintiff denying Plaintiff the relief sought in his complaint, dismissing Plaintiff's complaint in its entirety and with prejudice, and awarding Defendants their costs and attorneys fees incurred in responding to this action.  Defendants further request all other relief that this court deems just and proper.

## COUNT VII
## INJUNTIVE RELIEF

43.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 42 as if fully restated herein.

**ANSWER:    Defendants incorporate their responses to the previous paragraphs as though fully restated herein.**

44.    Defendants have instituted foreclosure proceedings, Sheriff's sale, and eviction proceedings.

**ANSWER:    Defendants lack sufficient information to admit or deny the specific allegations in the form and manner stated and therefore leave plaintiff to his proofs.  Defendants are continuing their investigation into this matter and will amend these pleadings as necessary.**

45.    By reason of the foregoing facts, they are not entitled to the Property.

**ANSWER:    Defendants deny the allegations, because they are not true.**

46.    Unless this Honorable Court grant the relief herein requested, Plaintiff will suffer irreparable harm if Defendants have instituted eviction proceedings.

**ANSWER:    Defendants deny the allegations in the form and manner stated, because they are not true.**

**WHEREFORE,** Defendants request that this court enter a judgment in their favor and against Plaintiff denying Plaintiff the relief sought in his complaint, dismissing Plaintiff's complaint in its entirety and with prejudice, and awarding Defendants their costs and attorneys fees incurred in responding to this action.  Defendants further request all other relief that this court deems just and proper.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following Affirmative Defenses:

1.      Plaintiff's complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by his comparative negligence.

3.      Plaintiff's claims are barred because the consented to the terms of the agreements at issue in this lawsuit.

4.      Plaintiff's claims are barred, in whole or in part, due to his contributory negligence.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, because plaintiff has partially performed under the loan agreements at issue and derived benefit in the form of loan proceeds from the transactions at issue.

6.      Plaintiff's claims are barred by his failure to mitigate damages.

7.      Plaintiff's claims are barred by the doctrine of laches.

8.      Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations, because, among other things, plaintiffs' claims were not brought within the one year statute of limitations set forth in the Truth In Lending Act, 15 U.S.C. 1640(e).

9.      Plaintiff's claims are barred by his prior material breach of the agreements at issue.

10.      Plaintiff's claims are barred, in whole or in part, by the parole evidence rule.

11.      Plaintiff's claims are barred because he ratified the agreements at issue in this lawsuit.

12.      Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

13.      Plaintiff's claims are barred by the doctrine of unclean hands.

14.    Plaintiff's claims are barred by the doctrine of waiver.

15.    Plaintiff has failed to attach contracts or writings on which his claims are based.

16.    Plaintiff has failed to allege with particularity the basis for any claim of fraud against Defendants.   Fed. R. Civ. P. 9(b).

17.    Plaintiff's claim for damages are barred, in whole or in part, by his economic loss doctrine.

18.    Plaintiff's claims are barred, in whole or in part, by his assumption of the risk.

19.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

20.    Plaintiff's claims are barred, in whole or in part, by his own wrongful conduct.

21.    Some or all of plaintiffs' common law and State law claims are barred by the doctrine of Federal preemption.

22.    Plaintiff's claims are barred by some or all of the defenses set forth in 15 U.S.C. § 1640 and 1641.

23.    Plaintiff's claims are barred, in whole or in part, by the failure of a condition precedent.

24.    Defendants reserve the right to amend its affirmative defenses as discovery in this matter progresses.

Respectfully Submitted,

MADDIN, HAUSER, WARTELL,
ROTH & HELLER, P.C.


         */S/ Brian A. Nettleingham*
By:    David E. Hart (P45084)
        Brian A. Nettleingham (P58966)
Attorneys for Defendants
28400 Northwestern Highway, Third Floor
Southfield, Michigan 48034
(248) 354-4030
Dated: January 28, 2010    ban@maddinhauser.com

---

**CERTIFICATE OF SERVICE**

    I hereby certify that on **January 28, 2010**, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will automatically send notice of such filing to counsel of record.

         */S/ Brian A. Nettleingham*

---